IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARBELLA CARDENAS AND CLEMENCIA CARDENAS, | § § § | |
| Plaintiffs, | § § § § | |
| vs. | § § | CIVIL ACTION NO. __ |
| VENEZIA BULK TRANSPORT, INC. AND NOAH CLARK, | § § § | |
| Defendants. | § § | |

# EXHIBIT (2) TO NOTICE OF REMOVAL: PLEADINGS AND ANSWERS

6/1/2022 12:17 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65020282
By: Courtni Gilbert
Filed: 6/1/2022 12:17 PM

CAUSE NO. _____

| | | |
|---|---|---|
| MARBELLA CARDENAS AND | § | IN THE DISTRICT COURT |
| CLEMENCIA CARDENAS | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | OF  HARRIS COUNTY, TEXAS |
| | § | |
| VENEZIA BULK TRANSPORT, INC., | § | |
| AND NOAH CLARK | § | |
| Defendants. | § | _____JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs MARBELLA CARDENAS AND CLEMENCIA CARDENAS, complaining of VENEZIA BULK TRANSORT, INC., AND NOAH CLARK Defendants, and files this, their Original Petition and for cause of action would respectfully show the following:

### I.
### Discovery Level

1.1  Plaintiffs intend to conduct discovery in this matter under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### Parties

2.1  Plaintiff, MARBELLA CARDENAS is a resident of Houston, Harris County, Texas.

2.2  Plaintiff, CLEMENCIA CARDENAS is a resident of Houston, Harris County, Texas.

2.3  Defendant NOAH CLARK  is a an individual who is a resident of Greensboro, North Carolina and can be personally served with process at his residence located at 2322 Glenhaven Dr.. Greensboro, NC 27406.

1

2.4  Defendant VENEZIA BULK TRANSPORT, INC.. is a corporation authorized to do business in Texas and may be served with process herein by serving its registered agent, DOUGLAS FLETCHER, of Nation Resident Agent Service, Inc. at 9201 N. Central Expressway, Ste. 600, Dallas, Texas 75231.

## III.
### Misnomer/Alter Ego

3.1    In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter/egos" of the parties named herein.  Alternatively, Plaintiff contends that any "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.
### Venue

4.1  Venue is proper and maintainable in Harris County, Texas, under the Texas Civil Practice and Remedies Code, as the incident made the basis of this suit occurred in Houston, Harris County, Texas.

## V.
### Background Facts

5.1  On or about June 4, 2020, Plaintiffs Marbella Cardenas and Clemencia Cardenas were traveling eastbound on the South Loop Service road in the second lane from the left.  The lane Plaintiffs were traveling on was a left turn or straight lane option.  Defendant Noah Clark was operating his green Mack truck  on the same roadway but in a lane designated turn only. As Plaintiff's began to make their left turn on the green turn light defendant proceeded straight striking the left rear of Plaintiffs' vehicle.

5.2 Nothing Plaintiffs did, or failed to do, caused the occurrence in question. Rather, it was the negligence of the Defendants named herein which proximately caused the occurrence and Plaintiffs' resulting injuries and damages.

## VI.
## Cause of action: Negligence

### (Noah Clark and Venezia Bulk Transport)

6.1  Defendant Noah Clark was negligent in one or more of the following particulars, each of which acts and/or omissions, individually or collectively, constitute negligence which proximately caused the collision and the resulting injuries and damages to Plaintiffs:

a. Failing to maintain a proper lookout;

b. Failing to make proper application of the brakes of his vehicle;

c. Failing to control speed;

d. Failing to bring his vehicle to a stop before it collided with Plaintiff's vehicle;

e. Failing to turn the vehicle to avoid a collision;

f. Operating a vehicle at a rate of speed in excess of that which it would have been operated by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances;

g. Being inattentive and failing to maintain proper control of his vehicle;

h.  Failing to maintain a single lane when making a left turn;

i. Operating his vehicle in a reckless manner; and

j. Violations of the Texas Transportation Code and the Federal Motor Carrier Safety Regulations.

6.2   The negligence of NOAH CLARK was a proximate cause of the collision and Plaintiffs' injuries and damages.

6.3   Defendant, VENEZIA BULK TRANSPORT, INC. is legally responsible to Plaintiffs for the negligent conduct of Defendant NOAH CLARK under the legal doctrines of *respondeat superior*, agency and/or ostensible agency because Defendant NOAH CLARK was at all times material hereto an agent, ostensible agent, servant and/or employee of VENEZIA BULK TRANSPORT, INC. and was acting within the course and scope of such agency or employment. As a result thereof, Defendant VENEZIA BULK TRANSPORT, INC. is liable for all negligence of Defendant NOAH CLARK.

6.4   Defendant VENEZIA BULK TRANSPORT, INC. was also negligent in hiring an incompetent or unfit employee and/or in failing to properly train, instruct and supervise Defendant NOAH CLARK. Defendants VENEZIA BULK TRANSPORT, INC. failed to provide the proper training and instruction to Defendant NOAH CLARK which would have provided him with the proper skills and knowledge to avoid the collision which forms the basis of this lawsuit. Defendant VENEZIA BULK TRANSPORT, INC.'s negligent hiring of and failure to properly instruct and train its driver was a proximate cause of the accident and Plaintiff's resulting injuries and damages.

**VII.**
**Cause of action: Negligence Per Se**

**(NOAH CLARK and VENEZIA BULK TRANSPORT, Inc.)**

7.1 Defendant NOAH CLARK 's acts and omissions also constitute negligence per se as that

term is defined under Texas law. Specifically, NOAH CLARK 's acts or omissions violated the

following statutory duties:

      a. Duty to control speed as necessary to avoid colliding with another vehicle that is on the highway. Tex. Trans. Code. 545.351;

      b. Duty to not drive with willful or wanton disregard for the safety of persons or property. Tex. Trans. Code. 545.401;

      c. (a)  Texas Trans. Code. 545.060. An operator on a roadway divided into two or more clearly marked lanes for traffic:
      (1)  shall drive as nearly as practical entirely within a single lane;  and
      (2)  may not move from the lane unless that movement can be made safely.

      d. Other violations of the Texas Transportation Code and the Federal Motor Carrier Safety Regulations.

7.2 Plaintiffs are within the class of persons meant to be protected by these statutes, specifically,

travelers on the roadway. Defendant's violation of these statutes were the proximate cause of the

collision and Plaintiffs' injuries and damages.


7.3 Defendant, VENEZIA BULK TRANSPORT, INC. is legally responsible to Plaintiffs for the

negligent per se conduct of Defendant NOAH CLARK under the legal doctrines of *respondeat*

*superior*, agency and/or ostensible agency because Defendant NOAH CLARK was at all times

material hereto an agent, ostensible agent, servant and/or employee of VENEZIA BULK

TRANSPORT, INC. and was acting within the course and scope of such agency or employment.

As a result thereof, Defendant VENEZIA BULK TRANSPORT, INC. is liable for all negligence

per se conduct of Defendant NOAH CLARK.

## VIII.
## Cause of action: Gross Negligence

### (NOAH CLARK and VENEZIA BULK TRANSPORT, Inc.)

8.1 Defendants VENEZIA BULK TRANSPORT, INC. and NOAH CLARK were grossly negligent and acted with malice, as that term is understood under Texas law, and such conduct was a proximate cause of Plaintiff's injuries and damages. Defendant's malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendants for their callous disregard and as a deterrent to others from engaging in similar conduct. Plaintiff therefore asks for punitive and exemplary damages in addition to all actual damages.

## IX.
## Damages

9.1 The actions and conduct of the Defendants set forth above are the proximate cause of Plaintiffs CLEMENCIA AND MARBELLA CARDENAS' serious injuries. CLEMENCIA AND MARBELLA CARDENAS' damages include, but are not limited to, physical pain, mental anguish, disfigurement, physical impairment, limitation of activities and loss of enjoyment of life. In reasonable probability, Plaintiffs will continue to suffer physical pain, mental anguish, disfigurement, physical impairment, limitation of activities and loss of enjoyment of life in the future. Further, because of the action and conduct of the Defendants herein, Plaintiffs have sustained very painful and disabling physical injuries which have caused them to sustain lost wages in the past and will cause them to sustain lost wages and a loss of wage earning capacity in the future. Because of the nature and severity of the injuries sustained, Plaintiffs have required medical treatment in the past and, in reasonable probability, will require other and additional

treatment in the future. Charges for such medical treatment that have been made in the past and those which will in reasonable probability be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

## X.
## Exemplary Damages

10.1  Plaintiffs seek exemplary damages caused by Defendants' malice, gross negligence and willful acts, omissions and gross negligence. Exemplary damages are sought under Section 41.003(a)(2) of the Texas Civil Practices and Remedies Code, as defined by Section 41.001(7). Plaintiffs also seek exemplary damages under Section 41.003(a)(3) of the Texas Civil Practices and Remedies Code, as defined by Section 41.001(11).

## XI.
## TRCP Rule 47 Statement of Relief Sought

11.1     Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs state that they seek monetary relief over $1,000,000, and judgment for all other relief to which Plaintiffs are justly entitled. Plaintiffs expressly reserve the right to amend her Rule 47 statement of relief if necessary.

## XII.
## Required Disclosure

12.1     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants disclose, within the time required under Texas law, the required initial disclosures described in Rule 194.2.

## XIII.
## Pre and Post-judgment interest

13.1  Additionally, Plaintiffs will show that they are entitled to recover pre and post-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiffs here and

now sue for recovery of pre and post-judgment interest as provided by law and equity, under the applicable provision of the laws of the State of Texas.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer and that, upon final trial hereof, Plaintiffs have judgment against Defendants, jointly and severally, that they recover their damages in accordance with the evidence, that they recover costs of Court herein expended, that they recover interest, both pre- and post-judgment to which they are entitled under the law, and for such other and further relief, both general and special, legal and equitable, to which they may be justly entitled.


Respectfully submitted,

THE SOILEAU LAW FIRM

*/s/ Christopher Soileau*
Christopher R. Soileau
TBN: 24059068
chris@thesoileaulawfirm.com
P.O. BOX 5725
Pasadena, Texas 77508
Telephone (713) 341-0220
Facsimile   (713) 341-0222

COUNSEL FOR PLAINTIFFS

6/14/2022 2:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65429631
By: CAROL WILLIAMS
Filed: 6/14/2022 2:30 PM

CAUSE NO: 202232651

| | | |
|---|---|---|
| MARBELLA CARDENAS and CLEMENCIA CARDENAS, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | |
| | § | HARRIS COUNTY, TEXAS |
| VENEZIA BULK TRANSPORT, INC. and NOAH CLARK, | § § § | |
| Defendants. | § § | |
| | § | 127th JUDICIAL DISTRICT |

## DEFENDANT, VENEZIA BULK TRANSPORT, INC.'S, ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

Defendant, Venezia Bulk Transport, Inc., files this, its Original Answer, to Plaintiffs' Original Petition, and would respectfully show the Court as follows:

## I.
## GENERAL DENIAL

1.      Defendant generally denies each and every, all and singular, of the material allegations of the Plaintiffs' live Petition and demands strict proof thereof by a preponderance of the credible evidence as is its right under Texas Rule of Civil Procedure 92 and the Constitution of the State of Texas.

## II.
## DEFENSES

2.      Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving same, at all times material to the Plaintiffs' allegations, the Defendant's conduct conformed to the applicable standard of care.

3.      Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving same, the Plaintiffs' alleged injuries and damages, if any, resulted from independent, unforeseeable, intervening, and/or superseding causes. Any alleged action or alleged omission on the part of the Defendant was not the proximate cause, producing cause, or cause-in-fact of the Plaintiffs' alleged injuries or damages.

4.      Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving same, the Defendant asserts that the occurrence which is the basis of this suit was the result of an unavoidable series of events which could occur without any negligence on the part of the Defendant whatsoever.

5.      Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving same, this action is subject to the proportionate responsibility provisions of Chapter 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of the Plaintiffs, and responsible third parties that may be joined in the suit.

6.      Subject to and without waiving its Answer herein before made, the Defendant asserts that the Plaintiffs' alleged damages, if any, were not proximately caused by an act or omission of the Defendant.

7.      Subject to and without waiving its Answer herein before made, the Defendant asserts that the Plaintiffs' claims are barred because the Defendant's conduct was not the producing cause, proximate cause, or a cause-in-fact of the Plaintiffs' alleged damages.

8.      Subject to and without waiving its Answer herein before made, the Defendant asserts that any particular judgment that might be recovered by the Plaintiffs must be reduced by those amounts that have been indemnified, or will be in the future, with

reasonable certainty, indemnify the Plaintiffs in whole or in part for any past or future claimed economic loss from any collateral source, such as insurance.

9.      Pleading further, the Defendant invokes § 41.0105 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE and request that, to the extent the Plaintiffs seek recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid or incurred by or on behalf of the Plaintiffs, as opposed to the amount charged.

10.      Any claim by Plaintiffs for lost wages in the past or lost wages earning capacity in the future is limited by the provisions of Section 18.091 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

11.      Pleading further, the Defendant asserts that pre-judgment interest, if any, as requested in the Plaintiffs' Original Petition, is limited in accordance with § 304.104 et seq. of the TEXAS FINANCE CODE.

12.      Pleading in the alternative, even if the Plaintiffs prove the allegations in their pleadings, the Defendant is not liable to the Plaintiffs because Marbella Cardenas was guilty of acts and omissions of negligence which were the sole cause of the accident at issue in this suit.

# III.
## EXEMPLARY DAMAGES

13.      Pleading further, the Defendant alleges its right to all limitations allowed by law concerning any damages awarded against it, including limitation of exemplary damages provided by Chapter 41 of the Texas Civil Practice and Remedies Code and prohibitions concerning damages allowed under the Texas Constitution.

14.      Defendant would show that the Plaintiffs have sued the Defendant for exemplary damages. The Defendant, therefore, further affirmatively pleads that to award

exemplary damages against it would be in violation of the Texas and United States Constitution as follows:

A.  Due Process. An award of punitive damages against these Defendant, as pled by Plaintiffs, denies Defendant's due process of law and is in violation of the Texas Constitution, Article 1. 19, Amendments V and XIV to the United States Constitution for the following reasons:

1.  There are no statutory or reasonably ascertainable common law limitations on the amount of punitive damages Plaintiffs may recover against Defendant which denies Defendant fair notice of the maximum amount of punitive damages that may be awarded against it.  Because an award of punitive damages is punitive or penal in nature, due process requires that a punitive damage award be subject to ascertainable limits and that Defendant have notice of the maximum amount of any such penalty or fine that may be assessed against the Defendant.

2.  The factors that may be considered in determining the amount of punitive damages to be imposed upon the Defendant are vague and overly broad and fail to provide Defendant access to the Courts, in due course of the law, to prepare for and provide a defense against an excessive award of punitive damages.

3.  The standard for recovery of exemplary damages, "gross negligence," is vague and overly broad and does not provide

Defendant with adequate prior notice of conduct which would constitute the basis for an imposition of punitive damages and/or the amount of punitive damages that may be imposed.

4.     The imposition of exemplary damages, being punitive and penal in nature, requires proof of a higher standard than "preponderance of the evidence."  Due process requires that Plaintiffs must establish the liability for and the amount of punitive damages by clear and convincing evidence.

B.     Ex Post Facto Law.    Permitting recovery of punitive damages without previous notice to Defendant of the conduct which constitutes the basis for imposition of punitive damages and/or the maximum amount of such damages which could be imposed constitutes an imposition of an ex post facto law and penalty, which violates Article I § 9 Clause 3 of the United States Constitution and Article I § 16 of the Texas Constitution.

C.     Excessive Fine.  In addition to the allegations set forth above, an award of exemplary damages that is not based on reasonable guidelines and that is not subject to a reasonably ascertainable maximum limitation constitutes the imposition of an excessive fine, in violation of Article I § 13 of the Texas Constitution and Amendment VIII to the United States Constitution.

D.     Equal Protection.

1.     Allowing a jury to set punitive damages based upon the wealth or net worth of a party or any financial considerations

in regard to the parties and to authorize or allow imposition of punitive damages in light of such evidence or based upon such standard is a violation of the equal protection laws of this country and this state, including Amendment XIV to the United States Constitution and Article I § 3 of the Texas Constitution.

2.   Chapter 41, TEXAS CIVIL PRACTICES AND REMEDIES CODE, provides a limitation on the amount of damages that can be awarded as punitive damages for the gross negligence of a tortfeasor.  Such statutory limitation applies to an action in which a claimant seeks punitive damages as pursuant to a cause of action for recovery of damages for negligence resulting in personal injury or death.

E.   Separation of Powers.  The allowance of punitive damages against Defendant without a specific statute governing the maximum amount or the standards for determining the amount of the award constitutes a violation of the separation of powers doctrine as provided in Articles I, II, and III of the United States Constitution and Articles II, III, and V of the Texas Constitution.  In effect, an award of exemplary damages in an amount to be determined by a jury without any limitations would constitute both the passage of a law, which is a legislative function, and the trial under such law, which is a judicial function (determining the described conduct and setting the fine and forfeiture).

# IV.
# PRAYER

14.     Defendant prays that upon the final trial hereof Plaintiffs take nothing against Defendant.  Further, Defendant asks the Court to enter Judgment that Plaintiffs take nothing, dismiss Plaintiffs' suit with prejudice, assess costs against Plaintiffs, and award Defendant all other relief to which it may be entitled.  Further, Defendant prays as alleged hereinabove, that in the unlikely event that there is any recovery by the Plaintiffs against Defendant herein, which is denied, Defendant be allowed full benefit of all laws of Texas limiting damages as well any prohibitions and/or limitations allowed under the Texas Constitution in the event Plaintiffs seek exemplary damages.

15.     Further, Defendant prays that depending upon the evidence adduced at trial that if Defendant is determined to be responsible to the Plaintiffs, which is denied, that Defendant be awarded a credit for the total sum of all dollar amounts of settlements received by and/or agreed to be paid to Plaintiffs as result of the occurrence(s).  Further, Defendant prays that the percentages of responsibility of Plaintiffs, each Defendant, each settling person, and each Responsible Third-Party should, depending upon the evidence adduced at trial, be submitted to the jury for determination.

16.     Defendant also prays for such other and further relief to which it is justly entitled at law and in equity.

Respectfully submitted,

**THE BASSETT FIRM**


*/s/ Michael J. Noordsy*

_____

**MICHAEL J. NOORDSY**
SBN: 00788127
mnoordsy@thebassettfirm.com
**DOUG K. DUNHAM**
SBN: 06227720
ddunham@thebassettfirm.com
Two Turtle Creek Village
3838 Oak Lawn Avenue, Suite 1300
Dallas, Texas 75219
(214) 219-9900 Telephone
(214) 219-9456 Facsimile
eService: efile@thebassettfirm.com

**ATTORNEYS FOR DEFENDANT,
VENEZIA BULK TRANSPORT, INC.**

# CERTIFICATE OF SERVICE

The undersigned certifies that on this 14th day of June, 2022, a true and correct copy of the above and foregoing document was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure.

*Via eFile Texas eServe*
Mr. Christopher Soleau
The Soleau Law Firm
P.O. Box 5725
Pasadena, Texas 77508


*/s/ Michael J. Noordsy*

_____

**MICHAEL J. NOORDSY**


4858-1995-7797, v. 2

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jennifer Graig on behalf of Michael Noordsy
Bar No. 00788127
jgraig@thebassettfirm.com
Envelope ID: 65429631
Status as of 6/14/2022 2:41 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| TBF Eservice | | eservice@thebassettfirm.com | 6/14/2022 2:30:58 PM | SENT |
| The BassettFirm | | efile@thebassettfirm.com | 6/14/2022 2:30:58 PM | SENT |
| Christopher Soileau | | chris@thesoileaulawfirm.com | 6/14/2022 2:30:58 PM | SENT |
| Christopher Soileau | | chris@thesoileaulawfirm.com | 6/14/2022 2:30:58 PM | SENT |

6/14/2022 2:35 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65430332
By: CAROL WILLIAMS
Filed: 6/14/2022 2:35 PM

CAUSE NO: 202232651

| | | |
|---|---|---|
| MARBELLA CARDENAS and CLEMENCIA CARDENAS, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | |
| | § | OF HARRIS COUNTY, TEXAS |
| VENEZIA BULK TRANSPORT, INC. and NOAH CLARK, | § § § | |
| Defendants. | § § | |
| | § | 127TH JUDICIAL DISTRICT |

# DEFENDANT, NOAH CLARK'S, ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

Defendant, Noah Clark files this, his Original Answer, to Plaintiffs' Original Petition, and would respectfully show the Court as follows:

# I.
# GENERAL DENIAL

1.     Defendant generally denies each and every, all and singular, of the material allegations of the Plaintiffs' live Petition and demands strict proof thereof by a preponderance of the credible evidence as is his right under Texas Rule of Civil Procedure 92 and the Constitution of the State of Texas.

# II.
## DEFENSES

2.      Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving same, at all times material to the Plaintiffs' allegations, the Defendant's conduct conformed to the applicable standard of care.

3.      Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving same, the Plaintiffs' alleged injuries and damages, if any, resulted from independent, unforeseeable, intervening, and/or superseding causes. Any alleged action or alleged omission on the part of the Defendant was not the proximate cause, producing cause, or cause-in-fact of the Plaintiffs' alleged injuries or damages.

4.      Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving same, the Defendant asserts that the occurrence which is the basis of this suit was the result of an unavoidable series of events which could occur without any negligence on the part of the Defendant whatsoever.

5.      Pleading further, and in the alternative, if such is necessary, and subject to the foregoing pleas and without waiving same, this action is subject to the proportionate responsibility provisions of Chapter 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of the Plaintiffs, and responsible third parties that may be joined in the suit.

6.      Subject to and without waiving its Answer herein before made, the Defendant asserts that the Plaintiffs' alleged damages, if any, were not proximately caused by an act or omission of the Defendant.

7.      Subject to and without waiving its Answer herein before made, the Defendant asserts that the Plaintiffs' claims are barred because the Defendant's conduct

was not the producing cause, proximate cause, or a cause-in-fact of the Plaintiffs' alleged damages.

8.      Subject to and without waiving its Answer herein before made, the Defendant asserts that any particular judgment that might be recovered by the Plaintiffs must be reduced by those amounts that have been indemnified, or will be in the future, with reasonable certainty, indemnify the Plaintiffs in whole or in part for any past or future claimed economic loss from any collateral source, such as insurance.

9.      Pleading further, the Defendant invokes § 41.0105 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE and request that, to the extent the Plaintiffs seek recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid or incurred by or on behalf of the Plaintiffs, as opposed to the amount charged.

10.     Any claim by Plaintiffs for lost wages in the past or lost wages earning capacity in the future is limited by the provisions of Section 18.091 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

11.     Pleading further, the Defendant asserts that pre-judgment interest, if any, as requested in the Plaintiffs' Original Petition, is limited in accordance with § 304.104 et seq. of the TEXAS FINANCE CODE.

12.     Pleading in the alternative, even if the Plaintiffs prove the allegations in their pleadings, the Defendant is not liable to the Plaintiffs because Marbella Cardenas was guilty of acts and omissions of negligence which were the sole cause of the accident at issue in this suit.

# III.
# EXEMPLARY DAMAGES

13.     Pleading further, the Defendant alleges his right to all limitations allowed by law concerning any damages awarded against him, including limitation of exemplary

damages provided by Chapter 41 of the Texas Civil Practice and Remedies Code and prohibitions concerning damages allowed under the Texas Constitution.

14.     Defendant would show that the Plaintiffs have sued the Defendant for exemplary damages.  The Defendant, therefore, further affirmatively pleads that to award exemplary damages against him would be in violation of the Texas and United States Constitution as follows:

A.     Due Process.  An award of punitive damages against these Defendant, as pled by Plaintiffs, denies Defendant's due process of law and is in violation of the Texas Constitution, Article 1. 19, Amendments V and XIV to the United States Constitution for the following reasons:

1.     There are no statutory or reasonably ascertainable common law limitations on the amount of punitive damages Plaintiffs may recover against Defendant which denies Defendant fair notice of the maximum amount of punitive damages that may be awarded against it.  Because an award of punitive damages is punitive or penal in nature, due process requires that a punitive damage award be subject to ascertainable limits and that Defendant have notice of the maximum amount of any such penalty or fine that may be assessed against the Defendant.

2.     The factors that may be considered in determining the amount of punitive damages to be imposed upon the Defendant are vague and overly broad and fail to provide Defendant access to the Courts, in due course of the law, to

prepare for and provide a defense against an excessive award of punitive damages.

3.    The standard for recovery of exemplary damages, "gross negligence," is vague and overly broad and does not provide Defendant with adequate prior notice of conduct which would constitute the basis for an imposition of punitive damages and/or the amount of punitive damages that may be imposed.

4.    The imposition of exemplary damages, being punitive and penal in nature, requires proof of a higher standard than "preponderance of the evidence."  Due process requires that Plaintiffs must establish the liability for and the amount of punitive damages by clear and convincing evidence.

B.    Ex Post Facto Law.    Permitting recovery of punitive damages without previous notice to Defendant of the conduct which constitutes the basis for imposition of punitive damages and/or the maximum amount of such damages which could be imposed constitutes an imposition of an ex post facto law and penalty, which violates Article I § 9 Clause 3 of the United States Constitution and Article I § 16 of the Texas Constitution.

C.    Excessive Fine.   In addition to the allegations set forth above, an award of exemplary damages that is not based on reasonable guidelines and that is not subject to a reasonably ascertainable maximum limitation constitutes the imposition of an excessive fine,

in violation of Article I § 13 of the Texas Constitution and Amendment VIII to the United States Constitution.

D.   Equal Protection.

    1.   Allowing a jury to set punitive damages based upon the wealth or net worth of a party or any financial considerations in regard to the parties and to authorize or allow imposition of punitive damages in light of such evidence or based upon such standard is a violation of the equal protection laws of this country and this state, including Amendment XIV to the United States Constitution and Article I § 3 of the Texas Constitution.

    2.   Chapter 41, TEXAS CIVIL PRACTICES AND REMEDIES CODE, provides a limitation on the amount of damages that can be awarded as punitive damages for the gross negligence of a tortfeasor.  Such statutory limitation applies to an action in which a claimant seeks punitive damages as pursuant to a cause of action for recovery of damages for negligence resulting in personal injury or death.

E.   Separation of Powers.  The allowance of punitive damages against Defendant without a specific statute governing the maximum amount or the standards for determining the amount of the award constitutes a violation of the separation of powers doctrine as provided in Articles I, II, and III of the United States Constitution and Articles II, III, and V of the Texas Constitution.  In effect, an award of exemplary damages in an amount to be determined by a

jury without any limitations would constitute both the passage of a law, which is a legislative function, and the trial under such law, which is a judicial function (determining the described conduct and setting the fine and forfeiture).

# IV.
## PRAYER

15.     Defendant prays that upon the final trial hereof Plaintiffs take nothing against Defendant.  Further, Defendant asks the Court to enter Judgment that Plaintiffs take nothing, dismiss Plaintiffs' suit with prejudice, assess costs against Plaintiffs, and award Defendant all other relief to which he may be entitled.  Further, Defendant prays as alleged hereinabove, that in the unlikely event that there is any recovery by the Plaintiffs against Defendant herein, which is denied, Defendant be allowed full benefit of all laws of Texas limiting damages as well any prohibitions and/or limitations allowed under the Texas Constitution in the event Plaintiffs seek exemplary damages.

16.     Further, Defendant prays that depending upon the evidence adduced at trial that if Defendant is determined to be responsible to the Plaintiffs, which is denied, that Defendant be awarded a credit for the total sum of all dollar amounts of settlements received by and/or agreed to be paid to Plaintiffs as result of the occurrence(s).  Further, Defendant prays that the percentages of responsibility of Plaintiffs, each Defendant, each settling person, and each Responsible Third-Party should, depending upon the evidence adduced at trial, be submitted to the jury for determination.

17.     Defendant also prays for such other and further relief to which he is justly entitled at law and in equity.

Respectfully submitted,

**THE BASSETT FIRM**


*/s/ Michael J. Noordsy*
_____
**MICHAEL J. NOORDSY**
SBN: 00788127
mnoordsy@thebassettfirm.com
**DOUG K. DUNHAM**
SBN: 06227720
ddunham@thebassettfirm.com
Two Turtle Creek Village
3838 Oak Lawn Avenue, Suite 1300
Dallas, Texas 75219
(214) 219-9900 Telephone
(214) 219-9456 Facsimile
eService: efile@thebassettfirm.com

**ATTORNEYS FOR DEFENDANT,
NOAH CLARK**

# CERTIFICATE OF SERVICE

The undersigned certifies that on this 14th day of June, 2022, a true and correct copy of the above and foregoing document was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure.

*Via eFile Texas eServe*
Mr. Christopher Soleau
The Soleau Law Firm
P.O. Box 5725
Pasadena, Texas 77508

/s/ Michael J. Noordsy
_____
**MICHAEL J. NOORDSY**

4886-9632-8741, v. 2

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jennifer Graig on behalf of Michael Noordsy
Bar No. 00788127
jgraig@thebassettfirm.com
Envelope ID: 65430332
Status as of 6/14/2022 2:44 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christopher Soileau | | chris@thesoileaulawfirm.com | 6/14/2022 2:35:43 PM | SENT |
| Christopher Soileau | | chris@thesoileaulawfirm.com | 6/14/2022 2:35:43 PM | SENT |
| The BassettFirm | | efile@thebassettfirm.com | 6/14/2022 2:35:43 PM | SENT |
| TBF Eservice | | eservice@thebassettfirm.com | 6/14/2022 2:35:43 PM | SENT |