United States District Court
Southern District of Texas
**ENTERED**
November 28, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| MARBELLA CARDENAS, *et al.*, § § Plaintiffs. § § v. § VENEZIA BULK TRANSPORT, INC., § *et al.*, § § Defendants. § | CIVIL ACTION NO. 4:22-cv-02174 |

## OPINION AND ORDER

This lawsuit arises out of a June 4, 2020 automobile accident in which Plaintiffs Marbella Cardenas and her mother, Clemencia Cardenas, were injured. Plaintiffs filed suit in state court against Noah Clark (the driver of the other vehicle) and Venezia Bulk Transport, Inc. (his employer). Defendants timely removed the case to federal court.

On February 3, 2023, Clemencia Cardenas died. The cause of her death—respiratory failure related to pneumonia—was unrelated to the car accident.

Defendants now seek to dismiss the claims brought by Clemencia Cardenas under Federal Rule of Civil Procedure 25. *See* Dkt. 24.

Rule 25(a)(1) establishes the procedure to follow upon the death of a party. It provides:

> ***Substitution if the Claim Is Not Extinguished.*** If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

FED. R. CIV. P. 25(a)(1). This language is crystal clear: dismissal is mandated when 90 days have passed since service of the notification of death and no motion for substitution has been filed. *See, e.g., Cortez v. Lamorak Ins. Co.*, No. 20-2389,

2022 WL 1595837, at *2 (E.D. La. May 19, 2022) ("More than ninety days have passed since service of [the] suggestion of death, and no motion for substitution has been made. Accordingly, pursuant to Rule 25(a)(1), the Court must dismiss [the] claims."); *Barcroft v. Gibbs*, No. 4:16-cv-00562, 2017 WL 6987668, at *1 (E.D. Tex. Dec. 8, 2017) ("As more than ninety days have passed since Defendant notified the Court of Plaintiff's death, the Court finds that Defendants' Rule 25(a) motion should be granted and Plaintiff's claims be dismissed.").

Defendants filed a Suggestion of Death on May 16, 2023. Dkt. 16. The law demands that the statement noting death be served on (1) all parties to the litigation; *and* (2) all personal representatives of a deceased-plaintiff's estate. *See Sampson v. ASC Indus.*, 780 F.3d 679, 681 (5th Cir. 2015). Defendants satisfied the first requirement by serving the Suggestion of Death on counsel for Marbella Cardenas on May 16, 2023. As for the second requirement, Defendants do not believe that a personal representative of Clemencia Cardenas's estate has been appointed. Even so, "[s]ervice of the notice of death on the personal representative for a deceased-plaintiff's estate is generally required, even where it is difficult to determine who the personal representative is." *Id.*

Defendants argue that Clemencia's daughter, Marbella Cardenas, is "both a party and an heir/successor," Dkt. 24 at 2, yet they provide no proof of this fact. "The Estates Code . . . defines 'heir' as one entitled to part of an estate if the decedent dies intestate." *Moody v. Moody*, 613 S.W.3d 707, 716 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (quoting TEX. ESTATES CODE § 22.015). Nothing in the record indicates that Clemencia Cardenas died intestate. In the Suggestion of Death, which was filed more than six months ago, Defendants state that "[b]ased on the absence of any data for Clemencia Cardenas available through the Harris County Probate Courts Document Search Portal, the Defendants do not believe that a personal representative of the decedent's estate has been appointed." Dkt. 16 at 1. Yet, Defendants do not say whether this is still the case today. Moreover, Clemencia Cardenas may have designated an independent executor

2

who is not Marbella Cardenas to act without court approval, in which case there would be no publicly available probate records. *See, e.g.*, TEX. ESTATES CODE § 402.002. Even if Clemencia Cardenas died intestate, she could have a spouse or other children in addition to Marbella Cardenas that are the heirs and/or personal representatives of Clemencia Cardenas's estate. *See* TEX. ESTATES CODE § 22.015 ("'Heir' . . . includes the decedent's surviving spouse.").

Defendants certainly had the opportunity during Marbella Cardenas's deposition—when they first learned of Clemencia's death—to ask whether Marbella is, in fact, the sole successor/representative of her mother's estate with the authority to decide whether to pursue Clemencia Cardenas's claims. But Defendants provide only a portion of the deposition transcript. Absent some evidence that Marbella Cardenas is the sole successor/representative of the estate of Clemencia Cardenas, I cannot grant Defendants' motion. *See Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985) ("Absent personal service, there is no reason to presume that the successor or representative, who must decide whether to pursue the claim, is aware of the substitution requirement.").

To summarize, Defendants' Motion to Dismiss the Claims of Clemencia Cardenas (Dkt. 24) is **DENIED WITHOUT PREJUDICE**. Defendants are welcome to file this motion again if they can establish (1) that Marbella Cardenas is the sole successor/representative with the authority to decide whether to pursue Clemencia Cardenas's claims; *or* (2) that they have effectuated service of the Suggestion of Death on all the successor(s)/representative(s) who have authority to decide whether to pursue Clemencia Cardenas's claims, and 90 days have elapsed without a motion for substitution.

SIGNED this 28th day of November 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE